IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No. MDL 875 |
| Anthony Arendt,<br>                Plaintiff,<br>v.<br>A W Chesterton, et al.,<br>                Defendants. | PA-ED Case No. 09-CV-91900 |

**PLAINTIFF'S RESPONSE TO DEFENDANT
RAPID-AMERICAN CORPORATION'S MOTION TO DISMISS**

Plaintiff, Anthony Arendt, by and through his attorneys, CASCINO VAUGHAN LAW OFFICES, LTD., responds to Defendant Rapid-American Corporation's motion to dismiss as follows:

1. Plaintiff filed a complaint against Rapid-American and other defendants on August 5, 2009.

2. Westlaw research showed "Registered Agent Resigned" for Rapid-American. See attached Exhibit A. Plaintiff mailed Notice of Filing and Request for Waiver of Service of Summons to Rapid American on August 7, 2009, to the defendant company information found via Westlaw research -- c/o Sonnenschein Nath & Rosenthal, 1221 Avenue of the Americas, New York, NY. Notice of Filing and Request for Waiver of Service is attached as Exhibit B.

3. Plaintiff requested that Rapid-American return waiver of service within 30 days of receipt.

4. Defendant Rapid-American never responded to plaintiff's request for waiver of service.

5. This case was stayed pending transfer to the MDL court on October 8, 2009. A final order of transfer was entered on October 27, 2009. This case was entered on the electronic docket and plaintiff's counsel received notice that a case number was assigned on November 13, 2009.

6. During the stay period the transferor court could not issue summons, nor could plaintiff file electronically a praecipe with the MDL court until a case number was assigned.

7. Plaintiff filed a praecipe with the US District Court of the Eastern District of Pennsylvania on December 15, 2009.

8. After one week had passed and summons had not yet issued from the District Court of the Eastern District of Pennsylvania, plaintiff's counsel called the court's clerk on December 22, 2009. The clerk informed counsel that there had been an oversight on the court's part and they would immediately issue the summons. The court issued the summons on December 22, 2009 and mailed the summons to plaintiff's counsel by regular mail.

9. The offices of plaintiff's counsel were closed from December 24, 2009 until January 5, 2010.

10. Plaintiff's counsel e-mailed the summons to a process server on January 6, 2010.

11. Rapid-American's registered agent was served on January 11, 2010.

12. Pursuant to the Notice of Service of Process attached as Exhibit C to Rapid American's motion, the registered agent served Rapid-American at the same address that plaintiff's counsel sent the notice of filing and waiver of service of summons.

13. Although the service occurred more than 120 days after the complaint was filed, plaintiff has shown good cause for the delay.

14. Specifically, service was proper considering that service could not occur during the 30-

day period following the request for waiver of service, during the transferor court stay or before a case number had been assigned at the MDL court. These difficulties were exacerbated by the delay in the MDL court's issuing the summons and the holiday season.

15. In addition, defendant has not been prejudiced.

16. In addition, Rule 4 of the Federal Rules of Civil Procedure contemplates such a motion to come from the Court, not the defendant.

17. Concurrently with the filing of this response, plaintiff's counsel asks that the court impose the costs of service on Rapid-American, and costs incurred for preparing the motion for costs of service.

WHEREFORE, plaintiff prays that this Court deny Rapid American's motion to dismiss, and for such further legal and equitable relief as the Court orders to do justice in this case.

Dated: February 12, 2010

Respectfully submitted,

_s/ Michael P. Cascino_
Attorney for Plaintiff

Michael P. Cascino
Cascino Vaughan Law Offices
220 S. Ashland Ave.
Chicago, IL 60607
(312) 944-0600
mcascino@cvlo.com