IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No. MDL 875 |
| Anthony Arendt,<br>                    Plaintiff,<br>v.<br>A W Chesterton, et al.,<br>                    Defendants. | PA-ED Case No. 09-CV-91900 |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR COSTS OF SERVICE AND FOR FILING THIS MOTION

Now comes the Plaintiff, Anthony Arendt, by and through his attorneys, CASCINO VAUGHAN LAW OFFICES, LTD., and submits this brief in support of his motion for costs of service and for filing this motion.

### INTRODUCTION

Plaintiff brings this motion for costs of service and for filing this motion because no waiver of service of summons was ever received from Rapid-American, even though the notice of filing and request for waiver of service of summons was properly sent.

### BACKGROUND

On August 7, 2009, just two days after filing his complaint, Plaintiff mailed Notice of Filing and Request for Waiver of Service of Summons to all defendants, including Rapid-American. Westlaw research showed "Registered Agent Resigned" for Rapid-American. See attached Exhibit A. Plaintiff mailed Notice of Filing and Request for Waiver of Service of Summons to the defendant company information address: Rapid-American c/o Sonnenschein

Nath & Rosenthal, 1221 Avenue of the Americas, New York, NY.  See attached Exhibit B. No waiver was ever received from Rapid American so plaintiff hired a process server to serve a summons.  See attached Exhibit "C", invoice for service.

## ARGUMENT

Imposing costs is appropriate because Rapid-American has not demonstrated good cause for failing to sign and return the waiver of service.

Rule 4(d)(1) of the Federal Rules of Civil Procedure states, in part:

An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.

Exhibit C attached to Rapid American's motion to dismiss shows that plaintiff had the same address for his notice of filing and request for waiver of service of summons as the address that Rapid American's registered agent forwarded the summons.  Rapid-American cannot show good cause as to why it did not sign and return the waiver requested by the plaintiff.

Rule 4(d)(2) of the Federal Rules of Civil Procedure states:

(2) Failure to Waive.

If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

(A) the expenses later incurred in making service; and

(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Because defendant cannot demonstrate good cause for failing to sign and return the wavier of service the court must, under Rule 4(d)(2) of the Federal Rules of Civil Procedure, impose on the defendant the expenses plaintiff later incurred in making service, and  the

reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Respectfully submitted,

  s/ Michael P. Cascino  
Attorney for Plaintiff

Michael P. Cascino  
Cascino Vaughan Law Offices  
220 S. Ashland Ave.  
Chicago, IL 60607  
(312) 944-0600  
mcascino@cvlo.com