IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | MDL DOCKET NO.: MDL-875 |
| THIS DOCUMENT RELATES TO:<br>Cases Referred to Magistrate Judge<br>David R. Strawbridge Identified on the<br>Attached Exhibit A | |

### CERTAIN DEFENDANTS' RESPONSE TO MOTION TO COMPEL FORMAN PERRY WATKINS KRUTZ AND TARDY LLP TO TURN OVER W.R. GRACE STUDY DOCUMENTS RELATING TO DRS. SCHONFELD AND ANDERSON

Certain Defendants, through undersigned counsel, on behalf of the pending Defendants listed in Exhibit A, submit this response to the Motion to Compel Forman Perry Watkins Krutz and Tardy LLP to Turn Over W.R. Grace Study Documents Relating to Drs. Schonfeld and Anderson. The Court should deny that motion.

I.   **The Pertinent Facts**

W.R. Grace was a manufacturer of asbestos-containing products. Grace filed bankruptcy several years ago. Grace was represented in its bankruptcy case by Kirkland & Ellis LLP and, on some issues, by Forman Perry.

For purposes of the estimation proceeding in the Grace bankruptcy, Dr. Daniel Henry prepared an expert report, portions of which were made part of the public record. However, the x-ray evidence which was the subject of the Dr. Henry's report in the Grace

1

bankruptcy was not made public. Indeed, at the insistence of the Asbestos Claimants Committee in the Grace bankruptcy case, Bankruptcy Judge Judith K. Fitzgerald entered an order styled "Order Regarding X-ray Evidence," on December 22, 2006, which prohibited the disclosure or use of the x-ray evidence which was the subject of Dr. Henry's report in Grace outside of the estimation proceeding. Indeed, under Judge Fitzgerald's December 22 order, the x-ray evidence could not even be used for the evaluation or processing of claims against Grace.

Paragraph 5 of Judge Fitzgerald's Order Regarding X-ray Evidence provides in full as follows:

> Copies of x-rays provided pursuant to this order will be used by Grace, including all agents and professional of and/or employed by Grace, exclusively for the purposes of the estimation hearing. For purposes of clarity, such copies will not be used by Grace and/or any Trust created in connection with this bankruptcy proceeding in connection with any proceeding for the allowance or disallowance of claims and/or in connection with any payment or approval process under the Trust without the written approval of the respective, affected claimants or the Court upon notice to the affected Claimants and an opportunity to be heard. Moreover, the confidentiality of all personal information reflected in the x-rays shall be maintained in confidence and not disclosed in any public proceeding or to any person except as necessary in connection with this proceeding.

A copy of the Order Regarding X-ray Evidence is attached as Exhibit B.

Dr. Henry also prepared an expert report for defendants in the Cascino Vaughan cases in MDL 875. Dr. Henry's MDL 875 report, and the public portions of Dr. Henry's Grace report, were cited by the MDL 875 defendants in support of their request to conduct *Daubert* discovery. Dr. Henry produced all of his records in connection with his Grace report at his deposition by Cascino Vaughan. Dr. Henry did not have and therefore did not produce any of the x-ray evidence in connection with his Grace report.

Thereafter, Cascino Vaughan demanded that Forman Perry produce the x-ray evidence which was the subject of Dr. Henry's Grace report, and of the Order Regarding X-Ray Evidence. Forman Perry declined, citing the prohibition against disclosure in Paragraph 5 of the Order.

Forman Perry also invited Cascino Vaughan to communicate with representatives of the Asbestos Claimants Committee in Grace, particularly since that Committee represented the interests of claimants such as the asbestos plaintiffs represented by Cascino Vaughan. Forman Perry's email to Cascino Vaughan is attached as Exhibit C. To defendants' knowledge, Cascino Vaughan did not follow up on that suggestion. Upon receipt of Cascino Vaughan's motion, Forman Perry also notified the lawyers who represented the Asbestos Claimants Committee in Grace of the Cascino Vaughan motion, the briefing schedule, the hearing date and location. See November 21, 2011 email to Caplin & Drysdale and Montgomery, McCracken, Walker & Rhoads, LLP, attached as Exhibit D.

II.     **The Court Should Deny Cascino Vaughan's Motion.**

The Court should deny Cascino Vaughan's motion.

First, Judge Fitzgerald's Order Regarding X-ray Evidence clearly prohibits the disclosure by Forman Perry of the requested documents – the order states that "all personal information reflected in the x-rays shall . . . not [be] disclosed in any public proceeding or to any person except as necessary in connection with this proceeding." Cascino Vaughan's argument to the contrary (that the x-ray evidence can be disclosed as long as it is kept confidential (¶7)) simply ignores the language of Judge Fitzgerald's order. For this Court to order the production of such records would create an irreconcilable conflict with Judge Fitzgerald's order.

3

Second, Cascino Vaughan has an obvious remedy alternative. Cascino Vaughan can contact the Grace Asbestos Claimants Committee, or file a motion with the Grace Court, and seek permission for the disclosure of the documents.

Third, Cascino Vaughan's argument that it is impossible for Cascino Vaughan to test Dr. Henry's conclusion that Dr. Anderson over-reading of x-rays is wrong. Cascino Vaughan has had ample opportunity to examine Dr. Henry about this very issue.

Finally, Cascino Vaughan's collateral assertion – that the silence of Dr. Henry's Grace report regarding Dr. Schonfeld somehow bolsters the reliability of Dr. Schonfeld's diagnoses – is also wrong. For an assessment of Dr. Schonfeld's reliability, one needs to look no further than the Grace report of Cascino Vaughan's expert Dr. Steven Haber, who declared, "In my opinion, Dr. Schonfeld's diagnosing reports for asbestos-related disease are not reliable." Exhibit E at 63 of 71 (excerpt).

In sum, the Court should deny Cascino Vaughan's Motion to Compel Forman Perry Watkins, Krutz and Tardy LLP to Turn Over W.R. Grace Study Documents Relating to Drs. Schonfeld and Anderson.

Dated: November 23, 2011.          Respectfully submitted,

                                      /s/ David M. Setter
                                      Walter G. Watkins, Jr.
                                      Thomas W. Tardy, III
                                      David M. Setter
                                      Daniel J. Mulholland
                                      John M. Seebohm
                                      FORMAN PERRY WATKINS KRUTZ & TARDY LLP

                                      ON BEHALF OF DEFENDANTS:
                                      GENERAL ELECTRIC COMPANY

GEORGIA-PACIFIC LLC
OWENS-ILLINOIS, INC. d/b/a O-I
UNION CARBIDE CORPORATION
BAYER CROPSCIENCE, INC. AS CORPORATE
SUCCESSOR TO AMCHEM PRODUCTS, INC. (incorrectly named and served as Benjamin Foster a Division of Amchem Products, Inc. n/k/a Rhone Poulenc Inc.)
CBS CORPORATION, A DELAWARE CORPORATION, F/K/A VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION

## CERTIFICATE OF SERVICE

I, David M. Setter, do hereby certify that I have this date filed the above and foregoing with the Clerk of the Court pursuant to the Court's Order dated August 16, 2011, entered in "Cases in which Plaintiff is represented by Cascino Vaughan Law Offices" and providing for filing of motions that apply identically in ten or more cases, and I hereby certify that I have e-mailed the document to Magistrate Judge Donald R. Strawbridge and to all counsel of record.

THIS, the 23rd day of November, 2011.

/s/ David M. Setter