## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No.  MDL 875 |
| THIS DOCUMENT RELATES TO: Cases on Attached Exhibit A[1] | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO CERTAIN DEFENDANTS' COMBINED MOTION AND BRIEF FOR DISMISSALS WITH PREJUDICE FOR FAILURE TO FILE AN ADMINISTRATIVE ORDER NO. 12 REPORT

COME NOW plaintiffs, by and through their attorneys, Cascino Vaughan Law Offices, Ltd. (CVLO), who hereby submit this Response in Opposition to Certain Defendants' Combined Motion and Brief for Dismissals with Prejudice for Failure to File an Administrative Order No. 12 Report, and in support thereof, states as follows:

### INTRODUCTION

Each plaintiff identified on Exhibits A and A1-A4, complied with Administrative Order No. 12 (AO12) in a manner consistent with the requirements that were in place at the time of the submissions.  All defense counsel was properly served and/or notified of the availability of AO12 reports.

All plaintiffs on attached Exhibits A and A1-A4 served and/or submitted reports to all defense counsel of record or submitted the relevant information onto

---

[1] Exhibit A is broken down into four separate groups (A1-A4) which apply to the distinct "Periods" discussed in this Response.

www.mdl875submissions.com[2] in compliance with Administrative Order No. 12 upon all counsel of record at the time.[3]

Defendants' claim that they were unable to find any evidence of AO12 compliance with this group of plaintiffs during their "*analysis [...]of records produced to the IKON repository*[.]" (Emphasis added.)  In fact, per CVLO records, nineteen[4] of these plaintiffs on Exhibits A1 - A4 deposited their initial AO12 reports along other materials to the IKON repository before Certain Defendants filed their motion on October 28, 2011. (*See* Exhibits B and B1 - B29, plaintiffs submissions of AO12 reports and additional materials to IKON.)

Over the past few years multiple amendments to AO12 have been made and, as such, plaintiffs' service and submission requirements which flowed from those amendments have likewise been altered on multiple occasions.  The Courts alterations to the service and submission requirements of AO12 and the manner in which plaintiffs listed on Exhibits A1-A4 adhered to those requirements is further detailed below.

---

[2] See §1B (Period 2) *infra*.

[3] However, some AO12 reports were not "filed" with the Court because plaintiffs were either: 1) unable to electronically file an AO12 on the docket as the case was in the process of being transferred and had not yet been assigned a case number (*see* § 1A (Period 1) *infra*); or 2) under no obligation to formally file and AO12 reports with the Court (*see* § 1B (Period 2) *infra*).  As such, defendants use of the term "file" is contextually improper and their claim that plaintiffs listed on Exhibits A1-A4 have not "filed" AO12 reports is incorrect.

[4] The ten plaintiffs on Exhibit A2 did not have physical, paper AO12 reports to deposit at IKON and are not factored into this number. These ten plaintiffs AO12 compliance was due during the MDL875Submissions.com period, which will be discussed below. The information called for in AO12 was entered electronically in the "MDL database".They did, however, deposit the medical records submitted at the time, as well as any newer medical records obtained afterwards.

## ARGUMENT

1. <u>**Administrative Order No. 12 Service and Submission Requirements Since 2007 and Plaintiffs' Compliance Therewith.**</u>

    A.    <u>**Cases Involved During the Original Administrative Order No. 12 (May 31, 2007 - January 29, 2008) (Period 1).**</u>

        I.    <u>Plaintiffs compliance.</u>

There are fifteen plaintiffs who fall into Period 1 with cases which CVLO intends to proceed or has not already dismissed. Plaintiffs falling into this group are listed on the attached Exhibit A-1. All fifteen plaintiffs served their AO12 reports upon counsel of viable defendants which remained, via US Mail, and also provided copies to E.D. Pa. case administrator, Bruce Lassman, via Federal Express. (Plaintiffs' AO12 reports and accompanying certificates of service are attached as Exhibits C1 - C15.)

        II.    <u>History surrounding Period 1.</u>

On May 31, 2007, the original version of AO12 was filed and included a timing requirement for service and submissions by which plaintiffs were required to abide. (Ex. D at ¶ 6.) However, as these case were newly transferred, plaintiffs had not yet been assigned a formal case number which would allow for a formal filing until after the deadline to comply with AO12's schedule had passed. Ten months had passed before the first of the fifteen cases in those listed on A-1 was assigned a case number for which they could file their reports under AO12. (*See* Exhibit A-1.) For example, Plaintiff William Passarelli's AO12 report was served on December 19, 2007 and his E.D. Pa. case (08-cv-90332) was opened on October 15, 2008. However, when the time came to formally file AO12 reports with the Court, the original version of AO12 had been amended and the need to file had become unnecessary due to the

implementation of www.mdl875submissions.com.

Once again, all fifteen plaintiffs served their AO12 reports upon counsel of viable defendants which remained via US Mail and also provided copies to E.D. Pa. case administrator, Bruce Lassman, via Federal Express.

**B.    Cases Involved During the Use of www.mdl875submissions.com (January 29, 2008 - March 8, 2010) (Period 2).**

      I.    Plaintiffs' compliance.

There are ten plaintiffs who fall into Period 2 with cases which CVLO intends to proceed or have not already dismissed.  Plaintiffs falling into this group are listed on the attached Exhibit A-2. All ten of the plaintiffs listed on Exhibit A-2 who fall into this group/time frame and were required to submit AO12 information during this time have electronic confirmations of their submissions made on the website. (*See* Exhibit E1 - E10.)

      II.    History surrounding Period 2.

The history and procedural requirements surrounding this time period is as follows: On January 29, 2008, the use of www.mdl875submissions.com (the website) was initiated by the Court. (*See* Admin. Order Nos. 13, 14, and 15, attached hereto as Exhibits F, G, and H.)  Under AO 13, previously submitted AO12 reports were to be entered into the database with the assistance of Forman Perry Watkins Krutz & Tardy, LLP. (Exhibit F, Admin. Order 13, at 3, ¶ 7.)

The purpose of the website was to manage all information related to AO12 submissions. After the submission of the AO12 information and the uploading of medical documents, an electronic confirmation was emailed to the plaintiff's counsel. Plaintiff's counsel was then

4

required to serve a notice of the submission to all counsel.  This wholly alleviated the need for an

AO12 report as the information normally included in an AO12 report was entered on the website.

On October 3, 2008, an Order was entered which further reinforced AO13, AO14, and

AO15 by amending AO12 (Exhibit I) which stated, "[f]rom the date of this order forward, *all*

*submissions, and changes or corrections thereto, shall be made and entered into the database at*

*MDL875Submissions.com [sic] without the need to submit paper copies to the court.*"(Id. at ¶ 1)

(emphasis added.)  On August 27, 2009, AO12 itself was amended and included these changes.

However, it still retained the now inactive requirement of formal paper filings and read:

> 11. SUBMISSIONS TO BE ELECTRONIC
> From the date of this order forward, all submissions and changes or
> corrections thereto, shall be made and entered into the database at
> MDL875Submissions.com *without the need to submit paper copies*
> *to the court.* The requirement for service upon other parties in
> accordance with Rule 5, F.R.C.P. shall remain. (Emphasis added.)

(*See* Exhibit J.)

As previously noted, the ten plaintiffs on Exhibit A-2 fall into this period. All have

complied with AO12 and  have attached the electronic confirmations of their database

submission (Exhibits E1 - E10).


### C.   Case Involved During the Suspension and Eventual Decommission of www.mdl875submissions.com (March 8, 2010 - August 31, 2010) (Period 3).

I.   Plaintiffs' compliance.

There are five plaintiffs who fall into Period 3 with cases which CVLO intends to proceed

or have not already dismissed.  Plaintiffs falling into this group are listed on the attached Exhibit

A-3.  All five plaintiffs served their AO12 reports upon counsel of viable defendants which

remained, via US Mail. (Certificates of Serviceare attached as Exhibits K1 - K5.)

        II.      History surrounding Period 3.

The history and procedural requirements surrounding this time period is as follows: On

March 8, 2010, the Court entered AO20, which amended AO12, Amended AO12, AO12a and

AO13 to reflect that AO12 submissions were to be served directly on defendants. (*See* Exhibit

L.)  AO20 stated:

> submissions to the court and to the on-line database
> MDL875submissions.com are suspended. In lieu thereof, the
> Plaintiffs shall continue to comply with all requirements relating to
> timely service to all viable defendants[...] The court may require
> proof of service and/or submission to the court of the submissions
> made to the viable defendants if compliance is questioned pursuant
> to a motion for a rule to show cause.

(Id. at ¶¶ 1, 2.)  The Court then ordered that the database be disabled and that all information

contained therein be destroyed and/or deleted shortly thereafter. (Exhibit M, August 31, 2010

Order, Case No. 01-md-00875 Doc. No. 7442.)

As previously noted, all five plaintiffs served their AO12 reports upon counsel of viable

defendants which remained via US Mail.


        **D.**      **Cases Involved Under the Current Landscape of Administrative Order No.**
           **12**
           **(Period 4)**

        I.      Plaintiffs' compliance.

There are seven plaintiffs who fall into Period 4 with cases which CVLO intends to

proceed or have not already dismissed.  Plaintiffs falling into this group are listed on the attached

Exhibit A-4.  All seven plaintiffs served their AO12 reports upon counsel of viable defendants

which remained, via US Mail. (AO12 Reports and Certificates of Service for plaintiffs are attached as Exhibit N1 - N5.)

## II.   AO12's current state as of August 31, 2010.

In its present state, no recent amendments or orders have been implemented to reinstate the requirement to formally file AO12 reports with the Court.  As such, plaintiffs have continued to create and serve their AO12 reports upon all defense counsel of record in a given case, in accordance with the protocol outline in the above mentioned March 8, 2010 Order.

As earlier stated, all seven plaintiffs served their AO12 reports upon counsel of viable defendants which remained via US Mail.

## CONCLUSION

Each plaintiffs on Exhibits A1 - A4 complied with AO12's requirements throughout the various periods.   Defendants, as represented by Forman Perry, should have no difficulty in finding this proof of plaintiffs' compliance with AO12. As it was the firm initially designated by the Court to assist with the MDL875 database, Forman Perry should be keenly aware of the history of AO12 submissions, and the Court's "moving away" from accepting paper copies or the need to formally file them.  Further, Forman Perry made no attempts to contact CVLO regarding these "non-existant" AO12 reports before filing their motion to dismiss. Had they done so, CVLO would have been able to provided duplicate copies and efficiently resolve the issue.

WHEREFORE, Plaintiffs on the attached Exhibits A1-A4 pray to this Honorable Court enter an order DENYING Certain Defendants' Motion to Dismiss for Failure to File an Administrative Order No. 12 Report for the above mentioned reasons.

Respectfully submitted,

Dated: December 14, 2011

By: _____
One of Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)
E-mail: mcascino@cvlo.com